**Todd M. Friedman (216752)**
**Adrian R. Bacon (280332)**
**Law Offices of Todd M. Friedman, P.C.**
**21550 Oxnard St., Suite 780**
**Woodland Hills, CA 91367**
**Phone: 877-206-4741**
**Fax: 866-633-0228**
**tfriedman@toddflaw.com**
**abacon@toddflaw.com**
**Attorneys for Plaintiff, Sylvia Nixon**

IN THE UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| SYLVIA NIXON, individually, and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>vs.<br><br>SPRINT COMMUNICATIONS, INC.,<br><br>Defendant. | Case No.<br><br>**CLASS ACTION COMPLAINT**<br><br>(1) Violation of Unfair Competition Law (Cal. Business & Professions Code §§ 17500 *et seq*.) and<br>(2) Violation of Unfair Competition Law (Cal. Business & Professions Code §§ 17200 *et seq*.)<br><br>**Jury Trial Demanded** |

Plaintiff Sylvia Nixon ("Plaintiff"), individually and on behalf of all other members of the public similarly situated, allege as follows:

## NATURE OF THE ACTION

1. Plaintiff brings this class action Complaint against Defendant SPRINT COMMUNICATIONS, INC. (hereinafter "Defendant") to stop Defendant's practice of falsely advertising its services in order to falsely induce consumers to switch to their telephone service and to obtain redress for all California consumers ("Class Members") who were represented to (a) have their termination fee paid off, (b) have their new telephone bill with Defendant be priced at a maximum of half of the cellular telephone bill of any current bill, or (c) get a prepaid visa card and purchased Defendant's services as a result, within the applicable statute of limitations period, Defendant (hereinafter collectively referred to as the "Class Services").

2. Defendant is a Kansas corporation and is engaged in the advertising, sale, and provider of telephone services with a large share of its business done in California.

3. Defendant represents to prospective consumers that if they switch to Defendant's telephone services from another service provider, then Defendant would pay for the consumer's termination bill, have their current cellular telephone bill cut in half, and get prepaid visa cards.

4. Plaintiff and others similarly situated purchased Defendant's telephone services.

5. Defendant misrepresented and falsely advertised to Plaintiff and others similarly situated that it would provide these services when Defendant had no intention of doing so.

6. Defendant's misrepresentations to Plaintiff and others similarly situated caused them to purchase Defendant's telephone services, which Plaintiff

and others similarly situated would not have purchased absent these misrepresentations by Defendant and its employees. In so doing, Defendant has violated California consumer protection statutes.

## JURISDICTION AND VENUE

7. This class action is brought pursuant to Federal Rule of Civil Procedure 23. All claims in this matter arise exclusively under California law.

8. This matter is properly venued in the United States District Court for the Central District of California, in that Plaintiff was subject to Defendant's advertisements at her place of residence located within Los Angeles County and in the Central District of California. In addition, Defendant does business, <u>inter alia</u>, in the Central District of California.

9. There is original federal subject matter jurisdiction over this matter pursuant to the Class Action Fairness Act of 2005, Pub. L. 109-2, 119 Stat. 4 (Feb. 18, 2005), by virtue of 28 U.S.C. §1332(d)(2), which explicitly provides for the original jurisdiction of federal courts in any class action in which at least 100 members are in the proposed plaintiff class, any member of the plaintiff class is a citizen of a State different from the State of citizenship of any defendant, and the matter in controversy exceeds the sum of $5,000,000.00, exclusive of interests and costs.

10. In the case at bar, there are at least 100 members in the proposed Class, the total claims of the proposed Class members are in excess of $5,000,000.00 in the aggregate, exclusive of interests and costs, and Plaintiff and the class are citizens of California State.

## THE PARTIES

11. Plaintiff Sylvia Nixon is a citizen and resident of the State of California, County of Los Angeles.

12. Defendant SPRINT COMMUNICATIONS, INC. is a corporation

with its principal place of business located and headquarters is located in Kansas. Defendant conducts a large share of its business within California.

13.  Plaintiff is informed and believes, and thereon alleges, that each and all of the acts and omissions alleged herein were performed by, or is attributable to, Defendant and/or its employees, agents, and/or third parties acting on its behalf, each acting as the agent for the other, with legal authority to act on the other's behalf.  The acts of any and all of Defendant's employees, agents, and/or third parties acting on its behalf, were in accordance with, and represent, the official policy of Defendant.

14.  Plaintiff is informed and believes, and thereon alleges, that said Defendant is in some manner intentionally, negligently, or otherwise responsible for the acts, omissions, occurrences, and transactions of each and all its employees, agents, and/or third parties acting on its behalf, in proximately causing the damages herein alleged.

15.  At all relevant times, Defendant ratified each and every act or omission complained of herein.  At all relevant times, Defendant, aided and abetted the acts and omissions as alleged herein.

## PLAINTIFF'S FACTS

16.  In or around November of 2014, Plaintiff purchased a telephone service plan from Defendant.

17.  For the service plan, Plaintiff paid more than valuable consideration.

18.  A salesperson of Defendant who was authorized to make representations on behalf of Defendant informed Plaintiff that if she switched to Defendant's telephone plan, then she would pay half of what she was currently paying for the same telephone services, have her termination fee with her current company paid for by Defendant and would get three $350 prepaid visa cards.

19.  Relying on the assurance that Plaintiff would receive the above

referenced service and products, Plaintiff decided to terminate her current telephone service and purchase the telephone services from Defendant. Plaintiff purchased the telephone service because of the above referenced representations made by Defendant.

20. However, after Plaintiff purchased Defendant's telephone services, she did not receive any of the things that Defendant had advertised.

21. First, Defendant began charging Plaintiff well over fifty percent of what she had previously paid for her telephone services.

22. Second, Defendant failed to provide Plaintiff will all three $350 visa cards. Instead, Defendant only provided Plaintiff with two of the visa cards and even charged Plaintiff for them.

23. Third, Defendant never covered the costs of Plaintiff's termination plan. Instead, Plaintiff had to pay approximately $1,500 in fees to her previous telephone service provider in order to switch to Defendant's service.

24. Finally, in or around May of 2016, Defendant unilaterally canceled Plaintiff's telephone services and never provided her with any of the services that she paid nor what Defendant offered Plaintiff.

25. Such sales tactics rely on falsities and have a tendency to mislead and deceive a reasonable consumer.

26. Defendant expressly represented to Plaintiff that it would (a) pay for the termination bill, (b) cut the current phone bill in half, and (c) provide prepaid visa cards.

27. Plaintiff alleges that such representations were part of a common scheme to mislead consumers and incentivize them to purchase telephone services in spite of the inhibition brought about by the difficulty of installing them.

28. In purchasing the Class Services, Plaintiff relied upon Defendant's

CLASS ACTION COMPLAINT

representations.

29. Such representations were clearly false because Plaintiff did not have her termination fee paid, paid more than fifty percent on her telephone bill, and never received the prepaid visa cards.

30. Plaintiff would not have purchased the telephone service if she knew that the above-referenced statements made by Defendant were false.

31. Had Defendant properly marketed, advertised, and represented the Class Services, Plaintiff would not have purchased the telephone service.

32. Plaintiff gave her money to Defendant because of Defendant's representations. Defendant benefited from falsely advertising the telephone service. Defendant benefited on the loss to Plaintiff and provided nothing of benefit to Plaintiff in exchange.

33. Had Defendant properly marketed, advertised, and represented the Class Services, no reasonable consumer who purchased a telephone service would have believed that Defendant would pay for the termination fees, provide telephone services for half the price, or provide prepaid visa cards.

## CLASS ACTION ALLEGATIONS

34. Plaintiff brings this action, on behalf of herself and all others similarly situated, and thus, seeks class certification under Federal Rule of Civil Procedure 23.

35. The class Plaintiff seeks to represent (the "Class") is defined as follows:

> All California Citizens who, between the applicable statute of limitations and the present, purchased one or more Class Services in the State of California, and whose telephone service was advertised such that (a) Defendant would pay for the termination fees, (b) provide telephone services for half the price, or (c) provide prepaid visa cards.

36. As used herein, the term "Class Members" shall mean and refer to

the members of the Class described above.

37. Excluded from the Class are Defendant, its affiliates, employees, agents, and attorneys, and the Court.

38. Plaintiff reserves the right to amend the Class, and to add additional subclasses, if discovery and further investigation reveals such action is warranted.

39. Upon information and belief, the proposed class is composed of thousands of persons. The members of the class are so numerous that joinder of all members would be unfeasible and impractical.

40. No violations alleged in this complaint are contingent on any individualized interaction of any kind between class members and Defendant.

41. Rather, all claims in this matter arise from the identical, false, affirmative statements to Class Members' when contemporaneously purchasing telephone services, when in fact, such representations were false.

42. There are common questions of law and fact as to the Class Members that predominate over questions affecting only individual members, including but not limited to:

    (a)    Whether Defendant engaged in unlawful, unfair, or deceptive business practices in selling Class Services to Plaintiff and other Class Members;

    (b)    Whether Defendant made misrepresentations with respect to the Class Services sold to consumers;

    (c)    Whether Defendant profited from both the sale of the telephone services and HP Smart Install feature;

    (d)    Whether Defendant violated California Bus. & Prof. Code § 17200, *et seq*. and California Bus. & Prof. Code § 17500, *et seq*.;

(e) Whether Plaintiff and Class Members are entitled to equitable and/or injunctive relief;

(f) Whether Defendant's unlawful, unfair, and/or deceptive practices harmed Plaintiff and Class Members; and

(g) The method of calculation and extent of damages for Plaintiff and Class Members.

43. Plaintiff is a member of the class she seeks to represent

44. The claims of Plaintiff are not only typical of all class members, they are identical.

45. All claims of Plaintiff and the class are based on the exact same legal theories.

46. Plaintiff has no interest antagonistic to, or in conflict with, the class.

47. Plaintiff is qualified to, and will, fairly and adequately protect the interests of each Class Member, because Plaintiff bought Class Services from Defendant during the Class Period. Defendant's unlawful, unfair and/or fraudulent actions concerns the same business practices described herein irrespective of where they occurred or were experiences. Plaintiff's claims are typical of all Class Members as demonstrated herein.

48. Plaintiff will thoroughly and adequately protect the interests of the class, having retained qualified and competent legal counsel to represent herself and the class.

49. Common questions will predominate, and there will be no unusual manageability issues.

## FIRST CAUSE OF ACTION
## Violation of the California False Advertising Act
## (Cal. Bus. & Prof. Code §§ 17500 *et seq.*)

50. Plaintiff incorporates by reference each allegation set forth above.

51. Pursuant to California Business and Professions Code section 17500, *et seq.*, it is unlawful to engage in advertising "which is untrue or misleading, and which is known, or which by the exercise of reasonable care should be known, to be untrue or misleading...or...to so make or disseminate or cause to be so made or disseminated any such statement as part of a plan or scheme with the intent not to sell that personal property or those services, professional or otherwise, so advertised at the price stated therein, or as so advertised."

52. California Business and Professions Code section 17500, *et seq.*'s prohibition against false advertising extends to the use of false or misleading statements.

53. Defendant misled consumers by making misrepresentations and untrue statements about the Class Services, namely, Defendant sold the telephone services advertised such that Defendant would pay for the termination fees, provide telephone services for half the price, or provide prepaid visa cards, and made false representations to Plaintiff and other putative class members in order to solicit these transactions.

54. Defendant knew that their representations and omissions were untrue and misleading, and deliberately made the aforementioned representations and omissions in order to deceive reasonable consumers like Plaintiff and other Class Members.

55. As a direct and proximate result of Defendant's misleading and false advertising, Plaintiff and the other Class Members have suffered injury in fact and have lost money or property. Plaintiff reasonably relied upon Defendant's representations regarding the Class Services. In reasonable reliance on Defendant's false advertisements, Plaintiff and other Class Members purchased the Class Services. In turn Plaintiff and other Class Members ended up with

telephone services that turned out to actually be different than advertised, and therefore Plaintiff and other Class Members have suffered injury in fact.

56. Plaintiff alleges that these false and misleading written representations made by Defendant constitute a "scheme with the intent not to sell that personal property or those services, professional or otherwise, so advertised at the price stated therein, or as so advertised."

57. Defendant advertised to Plaintiff and other putative class members, through affirmative representations made by Defendant and its employees, that Defendant would pay for the termination fees, provide telephone services for half the price, or provide prepaid visa cards, and made false representations to Plaintiff and other putative class members in order to solicit these transactions.

58. Defendant knew that it would not provide these services or products.

59. Thus, Defendant knowingly sold Class Services to Plaintiff and other putative class members under false representations.

60. The misleading and false advertising described herein presents a continuing threat to Plaintiff and the Class Members in that Defendant persists and continues to engage in these practices, and will not cease doing so unless and until forced to do so by this Court.  Defendant's conduct will continue to cause irreparable injury to consumers unless enjoined or restrained.  Plaintiff is entitled to preliminary and permanent injunctive relief ordering Defendant to cease their false advertising, as well as disgorgement and restitution to Plaintiff and all Class Members Defendant's revenues associated with their false advertising, or such portion of those revenues as the Court may find equitable.

## SECOND CAUSE OF ACTION
### Violation of Unfair Business Practices Act
### (Cal. Bus. & Prof. Code §§ 17200 *et seq.*)

61. Plaintiff incorporates by reference each allegation set forth above.

62. Actions for relief under the unfair competition law may be based on any business act or practice that is within the broad definition of the UCL. Such violations of the UCL occur as a result of unlawful, unfair or fraudulent business acts and practices. A plaintiff is required to provide evidence of a causal connection between a defendant's business practices and the alleged harm--that is, evidence that the defendant's conduct caused or was likely to cause substantial injury. It is insufficient for a plaintiff to show merely that the defendant's conduct created a risk of harm. Furthermore, the "act or practice" aspect of the statutory definition of unfair competition covers any single act of misconduct, as well as ongoing misconduct.

**UNFAIR**

63. California Business & Professions Code § 17200 prohibits any "unfair ... business act or practice." Defendant's acts, omissions, misrepresentations, and practices as alleged herein also constitute "unfair" business acts and practices within the meaning of the UCL in that its conduct is substantially injurious to consumers, offends public policy, and is immoral, unethical, oppressive, and unscrupulous as the gravity of the conduct outweighs any alleged benefits attributable to such conduct. There were reasonably available alternatives to further Defendant's legitimate business interests, other than the conduct described herein. Plaintiff reserves the right to allege further conduct which constitutes other unfair business acts or practices. Such conduct is ongoing and continues to this date.

64. In order to satisfy the "unfair" prong of the UCL, a consumer must show that the injury: (1) is substantial; (2) is not outweighed by any countervailing benefits to consumers or competition; and, (3) is not one that consumers themselves could reasonably have avoided.

65. Here, Defendant's conduct has caused and continues to cause

substantial injury to Plaintiff and members of the Class. Plaintiff and members of the Class have suffered injury in fact due to Defendant's decision to sell them falsely described telephone services (Class Services). Thus, Defendant's conduct has caused substantial injury to Plaintiff and the members of the Class.

66. Moreover, Defendant's conduct as alleged herein solely benefits Defendant while providing no benefit of any kind to any consumer. Such deception utilized by Defendant convinced Plaintiff and members of the Class that Defendant would pay for the termination fees, provide telephone services for half the price, or provide prepaid visa cards, and made false representations to Plaintiff and other putative class members in order to solicit these transactions, in order to induce them to spend money on said Class Services. In fact, knowing that Class Services, by their objective terms did not include what was advertised for Plaintiff and other putative class members' telephone services, Defendant unfairly profited from their sale, in that Defendant knew that the expected benefit that Plaintiff would receive is nonexistent. Thus, the injury suffered by Plaintiff and the members of the Class is not outweighed by any countervailing benefits to consumers.

67. Finally, the injury suffered by Plaintiff and members of the Class is not an injury that these consumers could reasonably have avoided. After Defendant, falsely represented that Class Services, these consumers suffered injury in fact due to Defendant's sale of Class Services to them. Defendant failed to take reasonable steps to inform Plaintiff and class members that the Class Services did not include the products and services advertised, including failing to provide an opportunity to Plaintiff and class members to read and review an accurate description of what was offered with the Class Services prior to purchase. As such, Defendant took advantage of Defendant's position of perceived power in order to deceive Plaintiff and the Class members to purchase

their telephone services. Therefore, the injury suffered by Plaintiff and members of the Class is not an injury which these consumers could reasonably have avoided.

68. . Thus, Defendant's conduct has violated the "unfair" prong of California Business & Professions Code § 17200.

## FRAUDULENT

69. California Business & Professions Code § 17200 prohibits any "fraudulent ... business act or practice." In order to prevail under the "fraudulent" prong of the UCL, a consumer must allege that the fraudulent business practice was likely to deceive members of the public.

70. The test for "fraud" as contemplated by California Business and Professions Code § 17200 is whether the public is likely to be deceived. Unlike common law fraud, a § 17200 violation can be established even if no one was actually deceived, relied upon the fraudulent practice, or sustained any damage.

71. Here, not only were Plaintiff and the Class members likely to be deceived, but these consumers were actually deceived by Defendant. Such deception is evidenced by the fact that Plaintiff agreed to purchase Class Services under the basic assumption that they included the advertised products and services, even though Defendant never paid for the termination fees, never provided telephone services for half the price, and never provided prepaid visa cards, and made false representations to Plaintiff and other putative class members in order to solicit these transactions. Plaintiff's reliance upon Defendant's deceptive statements is reasonable due to the unequal bargaining powers of Defendant and Plaintiff. For the same reason, it is likely that Defendant's fraudulent business practice would deceive other members of the public.

72. As explained above, Defendant deceived Plaintiff and other Class

Members and falsely represented the Class Services.

73. Thus, Defendant's conduct has violated the "fraudulent" prong of California Business & Professions Code § 17200.

### UNLAWFUL

74. California Business and Professions Code Section 17200, et seq. prohibits "any unlawful…business act or practice."

75. As explained above, Defendant deceived Plaintiff and other Class Members by misrepresenting the Class Services to Plaintiff and Class Members.

76. Defendant used false advertising, marketing, and misrepresentations to induce Plaintiff and Class Members to purchase the Class Services, in violation of California Business and Professions Code Section 17500, et seq. Had Defendant not falsely advertised, marketed or misrepresented the Class Services, Plaintiff and Class Members would not have purchased the Class Services. Defendant's conduct therefore caused and continues to cause economic harm to Plaintiff and Class Members.

77. These representations by Defendant are therefore an "unlawful" business practice or act under Business and Professions Code Section 17200 *et seq*.

78. Defendant has thus engaged in unlawful, unfair, and fraudulent business acts entitling Plaintiff and Class Members to judgment and equitable relief against Defendant, as set forth in the Prayer for Relief. Additionally, pursuant to Business and Professions Code section 17203, Plaintiff and Class Members seek an order requiring Defendant to immediately cease such acts of unlawful, unfair, and fraudulent business practices and requiring Defendant to correct its actions.

### MISCELLANEOUS

79. Plaintiff and Class Members allege that they have fully complied

with all contractual and other legal obligations and fully complied with all conditions precedent to bringing this action or all such obligations or conditions are excused.

## REQUEST FOR JURY TRIAL

80. Plaintiff requests a trial by jury as to all claims so triable.

## PRAYER FOR RELIEF

81. Plaintiff, on behalf of herself and the Class, requests the following relief:

    (a) An order certifying the Class and appointing Plaintiff as Representative of the Class;

    (b) An order certifying the undersigned counsel as Class Counsel;

    (c) An order requiring SPRINT COMMUNICATIONS, INC., at its own cost, to notify all Class Members of the unlawful and deceptive conduct herein;

    (d) An order requiring SPRINT COMMUNICATIONS, INC. to engage in corrective advertising regarding the conduct discussed above;

    (e) Actual damages suffered by Plaintiff and Class Members as applicable or full restitution of all funds acquired from Plaintiff and Class Members from the sale of misbranded Class Services during the relevant class period;

    (f) Punitive damages, as allowable, in an amount determined by the Court or jury;

    (g) Any and all statutory enhanced damages;

    (h) All reasonable and necessary attorneys' fees and costs provided by statute, common law or the Court's inherent power;

(i) Pre- and post-judgment interest; and

(j) All other relief, general or special, legal and equitable, to which Plaintiff and Class Members may be justly entitled as deemed by the Court.

Dated: February 13, 2017           Respectfully submitted,

LAW OFFICES OF TODD M. FRIEDMAN , PC

By: /s Todd. M. Friedman
TODD M. FRIEDMAN, ESQ.
Attorney for Plaintiff Sylvia Nixon